UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT E. EDWARDS,**
               Plaintiff,
v.                                          **Case No. 15-cv-1324-pp**

**MELISSA TAKACA,**
**JAMES RAEL,**

               Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), AND STAYING PLAINTIFF'S COMPLAINT**

---

The plaintiff, a state prisoner who is representing himself, filed a complaint alleging that defendants violated his civil rights by tampering with evidence in his pending criminal trial in Milwaukee County case no. 15CF2912. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis* and screens the plaintiff's complaint.

    **I.**    ***IN FORMA PAUPERIS* STATUS**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 24, 2015, the court assessed an initial partial filing fee of $21.76. Dkt. No. 4. The plaintiff paid that amount on December 9, 2015. Therefore, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis* and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or

2

a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Proposed Complaint

On June 22, 2015, the police arrested the plaintiff on two outstanding warrants for: (1) Retail Theft, and (2) Possession of a Firearm by a Felon. Dkt. No. 1 at 3. The Milwaukee County Circuit Court held an arraignment on June 24, 2015 and scheduled the preliminary hearing for July 7, 2015. Id. The court then postponed the preliminary hearing to July 14, 2015 because the state did not possess the certificate of conviction. Id.

3

The plaintiff alleges that the twelve-day delay in scheduling the preliminary hearing violated his right to a speedy trial. Id. He also asserts that police officer Melissa Takaca tampered with evidence and altered witness statements in his criminal case. Id. Finally, the plaintiff alleges that defense counsel James Rael "changed the posture of the case without [his] presence or approval." Id. The plaintiff's case went to trial before a jury in Milwaukee County Circuit Court on April 18, 2016; the trial concluded the next day. https://wcca.wicourts.gov/courtRecordEvents.do;jsessionid=3C6651DFCDE88937CE79FB0DFAB2DB24.render6?caseNo=2015CF002912&countyNo=40&cacheId=6F00C71006627170B1E8533CD914AB1A&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited May 15, 2016). Sentencing is scheduled to take place on June 10, 2016 at 8:30 a.m. Id.

The plaintiff requests: (1) the transcripts he petitioned for earlier in his criminal case, and (2) that his "civil rights and constitutional rights [be] respected by [the] Milwaukee Court system." Id. at 5. The plaintiff is uncertain whether he seeks monetary relief. Id.

C.  Legal Analysis of Alleged Facts

The defendant's criminal case in the Milwaukee County Circuit Court is not over. He filed this case, in fact, five months before his case even went to trial. On January 7, 2016—three months before his state-court trial—the plaintiff filed a motion, asking this court to take judicial notice (under Wisconsin evidence law, rather than under Federal Rules of Evidence 201) of things that had happened at a hearing in December 2015 (relating to the claim

4

he raises in this case). Dkt. No. 7. Then, on April 28, 2016—about ten days after his trial ended—the plaintiff filed a letter addressed to "Jon"—presumably, clerk of the district court Jon Sanfilippo—asking for a "dispositive motion" and an "appeal form." Dkt. No. 9. The plaintiff appears to be asking the clerk of the *federal* court to send him forms so that he can file an appeal from the jury's conviction of him in the *state* proceedings.

First, it is important for the plaintiff to understand that if he wants to appeal the conviction the jury returned against him in the *state* court case, he must file that appeal in *state* court—in Milwaukee County Circuit Court. Further, the plaintiff's case in state court won't be finished until his sentencing on June 10, 2016, and he can't file an appeal in state court until the criminal case is finished. The plaintiff also has a lawyer representing him in state court—Attorney Daniel McMurray. The plaintiff should talk to Attorney McMurray about the process for appealing his state conviction to the state court of appeals. This court—the United States District Court for the Eastern District of Wisconsin—is not the appeals court for Milwaukee County.

In fact, federal law prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. The Younger abstention doctrine provides that absent extraordinary circumstances, federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. See SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and

5

immediate. <u>Younger v. Harris</u>, 401 U.S. 37, 45 (1971). Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant has the ability to litigate during the course of the state criminal case. See <u>Gakuba v. O'Brien</u>, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss—the defendant can litigate them during his trial in state court. See <u>id</u>. If the defendant loses at trial, he can appeal to higher state courts for relief, such as the Wisconsin Court of Appeals or the Wisconsin Supreme Court. For that reason, courts typically stay the federal civil rights action pending resolution of the state criminal case. <u>Id</u>.

Because the plaintiff's state criminal case is not over, there is nothing the federal court can do for him at this time. In order for this court to consider the plaintiff's claims, he must complete his sentencing and then exhaust all of his appellate, or post-conviction, options in state court. Only when the plaintiff has litigated his claims to the highest state court can this court consider his claims. This court must, therefor, stay the federal case pending resolution of Milwaukee County case 15CF2912 and any subsequent post-conviction or appellate procedures.

The court also must advise the plaintiff that neither federal clerk of court Jon Sanfilippo nor the court can assist him in his state case or appeals. This court does not have any state forms to give the plaintiff. He must get those from the clerk of court for Milwaukee County, or better yet, from his attorney.

The court will not respond to requests for state court forms or requests for information about state court procedures.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2. The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify the payments by the case name and number.

The court **STAYS** this case pending resolution of Milwaukee County case 15CF2912. It is the plaintiff's responsibility to file a motion to lift the stay after he has completed all of the litigation in state court. Such litigation includes any post-conviction motions and other appellate relief. Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995).

The court will send a copy of this order be sent to Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS**. It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin this 16th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge